IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| MARIA GONZALEZ , *Plaintiff*, | § § § | |
| V. | § § | CIVIL ACTION 3:20-cv-278 |
| UNITED STATES OF AMERICA, *Defendants*. | § § § | |

# COMPLAINT AND JURY DEMAND

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COMES, MARIA GONZALEZ (hereinafter called "Plaintiff") comes forth to present this complaint against UNITED STATES OF AMERICA (hereinafter called "Defendant"). For cause of action, Plaintiff would show the Court as follows:

## SUBJECT-MATTER JURISDICTION AND VENUE

1. Plaintiff brings this action under the Federal Torts Claim Act, 28 U.S.C. § 2671, *et seq.*

2. This court has jurisdiction pursuant to the following statutes:

    a. 28 U.S.C. §1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States;

    b. 28 U.S.C. § 1346(b), which district court's jurisdiction over matters in which a government employee's actions resulted in an injury to

another person.

3. Defendant was properly notified of the claim by Plaintiff through correspondence sent on December 13, 2018, and through a subsequent Claim for Damage form sent on or about April 2, 2020.

4. Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events giving rise to this Complaint occurred in this district.

## PARTIES

5. Plaintiff is a natural person over the age of majority, and a resident of El Paso County, Texas. In every respect, she is competent to assist in the prosecution of this lawsuit.

6. Defendant is a governmental unit as defined by the Federal Tort Claims Act. It is competent to assist in the defense of this lawsuit.

## GENERAL ALLEGATIONS

7. The incident made the basis of this complaint occurred at about 1:18 p.m. on Friday, November 16, 2018. The site of the incident was the intersection of Lilac Street and Montecito Street in El Paso County, Texas. At that juncture, Lilac Street is a two way roadway with north and southbound lanes. Montecito is a roadway with traffic travelling east and west with one lane for traffic in each direction. The intersection is controlled by a stop sign for traffic travelling along Montecito.

8. At the time of the collision, Plaintiff was a driving southbound on Lilac Street.

Defendant's employee (hereinafter "Carden") was in the course and scope of his employment with the United States Postal Service. Carden was traveling in a marked United States Postal service vehicle provided to him by Defendant.

9. At the time of the collision, Plaintiff was traveling on the 7800 block of Lilac Street. Defendant Carden was traveling on the 600 block of Montecito, when he failed to make a complete stop at the stop sign. Defendant proceeded to accelerate and enter the intersection, causing a collision with Plaintiff, who had lawfully entered the intersection. The collision caused Plaintiff to suffer serious injuries.

## CAUSE OF ACTION AGAINST DEFENDANT UNDER FEDERAL TORT CLAIMS ACT: INJURY IN COURSE AND SCOPE OF EMPLOYMENT

10. Carden was driving the motor vehicle while in the employ of Defendant. As such, Defendant is liable to Plaintiff as causing injury under the Federal Tort Claims Act because Carden was in the course and scope of his employment with U.S. Postal Service and would be liable to Plaintiff as a private person. 28 U.S.C. § 2671, *et seq.*

11. Defendant is a governmental unit, and its employee, Carden, was negligent while acting in the course and scope of his employment. Carden was traveling along the public roadways of Texas at the time of the incident, he had a duty to exercise ordinary care in the operation thereof; operate the vehicle in a safe and prudent manner; and to abide by the provisions of Chapter 545 of the Texas Transportation Code. Cardon negligently breached his duties by: (a) failing to obey a traffic control device; (b) failing to yield the right of way at a stop sign; (c) failing to brake to avoid the collision; and (d)

failing to take other evasive action to avoid the collision.

12.     Carden's negligent conduct, as described above, taken singularly or in any combination, was a proximate cause of the collision and the resulting incident-related injuries to Plaintiff. Because Carden's negligence was the proximate cause of the injuries sustained by Plaintiff, Carden would have been found personally liable for his conduct under Texas law. This negligence is imputed to Defendant through the Federal Tort Claim Act.

## PLAINTFF'S BODILY-INJURY DAMAGES

13.     As a result of her involvement in the incident, Plaintiff suffered severe, painful, and incapacitating injuries. The injuries have caused her to suffer — and, in all probability, will continue causing her to suffer — the following elements of damages: (a) physical pain and suffering, past and future; (b) mental anguish, past and future; (c) physical impairment, past and future; (d) medical expenses, past and future; and (f) disfigurement, past and future.

## DEMAND FOR JURY TRIAL

14.     Plaintiff is respectfully requesting a trial by jury.

## PRAYER

15.     WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully demands that this Court, after the trial of this matter, grant the following relief to Plaintiff:

   a. Judgment against Defendant for compensatory in an amount of $250,000.00;

b. Post-judgment interest at the highest rate allowed by law;

c. Costs of court; and

d. Any further relief to which Plaintiff may be justly entitled.

          Respectfully submitted,

          THE LEON LAW FIRM, P.C.,
          One Sugar Creek Center Blvd.,
          Suite 980
          Sugar Land, Texas 77478
          Tel.: (281) 980-4529
          Fax: (281) 980-4530

          /s/ Piero Garcia
          Carlos A. Leon
          SBN 00794157 – FBN 36109
          cleon@theleonlawfirm.com
          Piero A. Garcia
          SBN 24090112 – FBN 2468506
          pgarcia@theleonlawfirm.com
          ATTORNEYS FOR PLAINTIFF